IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WILLIAM CHRISTOPHER MOORE                                                              PLAINTIFF
ADC #127360

v.                                        NO.  2:06CV00102 SWW/JWC

R.  JACKSON, et al                                                                              DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

**I. Instructions**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

Plaintiff is an inmate currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC").  On April 7, 2006, Plaintiff filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #4).

**A.    Background**

According to Plaintiff's complaint, on September 29, 2005, in retaliation for a verbal altercation that had taken place between himself and Defendant Jackson during a sixty-day review earlier in the day, he was subjected to cruel and unusual punishment when he was placed in the isolation day-room, shackled for four and one-half hours, and handcuffed for two of those hours.  This confinement allegedly caused his wrists and ankles to swell and ache "real bad."  Plaintiff claims that he sought and was provided treatment for these injuries.  Plaintiff's complaint further establishes that Lieutenant Williams, a non-party, escorted him to the isolation day-room door where Defendant Tobar placed him in the room; however, she did not place either the handcuffs or shackles on him.  In fact, Plaintiff claims that Defendant Tobar removed the handcuffs two and one-half hours after she

placed him in isolation, and then removed the shackles when she escorted him back to his assigned cell two hours later.  When Defendant Tobar escorted Plaintiff back to his cell, she advised Plaintiff that Defendant Jackson was not going to write him a disciplinary, that he was only joking, he didn't realize that Plaintiff was so sensitive and would take it so personally, and that the review committee was laughing about the incident.

**B.    Standard**

After granting Plaintiff in forma pauperis status, Plaintiff was notified (docket entry #4) that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee.  28 U.S.C. § 1915A.

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  This Court may sua sponte dismiss a complaint filed in forma pauperis in whole or in part at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro

se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

**C.     No Constitutional Violation**

Plaintiff has failed to allege a constitutional violation against Defendant Tobar. The edicts of 42 U.S.C. § 1983 are clear and mandate the dismissal of Defendant Tobar from Plaintiff's case:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. (emphasis added). Plainly, § 1983 relief "is predicated on the denial of a right or interest protected by the Constitution." Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995) (quoting Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama, 906 F.2d 571, 573 (11th Cir. 1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim).

Although Plaintiff filed a §1983 action, he does not allege a federal constitutional violation against Defendant Tobar. Although Defendant Tobar may have opened the door to the isolation 3 day-room and placed Plaintiff in the room, she neither handcuffed or shackled him. To the contrary, she removed the handcuffs two and one-half hours later and then removed the shackles when she escorted Plaintiff back to his assigned cell two hours after that. These allegations, standing alone, simply do not amount to a constitutional deprivation. Without a constitutional violation, there is no basis to award Plaintiff the relief he seeks. Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000). Even assuming that each fact alleged by Plaintiff in connection with Defendant Tobar is true,

neither alone or in combination do they amount to a constitutional violation. As such, Defendant Tobar cannot be held liable under § 1983 and Plaintiff's claim against her should be dismissed.

### III. Conclusion

For the reasons set forth herein, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims against Defendant TOBAR should be DISMISSED WITHOUT PREJUDICE.

2. This case should be permitted to proceed against Defendant Jackson only.

3. The Clerk of the Court should be directed to prepare a summons for Defendant Jackson, and the United States Marshal should be directed to serve a copy of the complaint with any attachments (docket entry #2), a copy of this partial recommended disposition and any order adopting it, and a summons on Defendant Jackson through the Compliance Division of the Arkansas Department of Correction without prepayment of fees and costs or security therefor. Should Defendant need copies of other filed documents, they are available from the Clerk's office or may be accessed through the PACER system for the United States District Court.

DATED this 14th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE