IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WILLIAM CHRISTOPHER MOORE                                                       PLAINTIFF

vs.                                  NO. 2:06CV00102BSM

ROBERT E. JACKSON, JR.                                                          DEFENDANT

### ORDER

Pending before the court is defendant's motion for summary judgment. (Doc. No. 81). For the reasons stated below, the motion is granted.

### I. FACTUAL BACKGROUND

Plaintiff, an inmate in the Arkansas Department of Correction (ADC), filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights under the United States Constitution. Plaintiff alleges that on September 29, 2005, he was handcuffed for two hours and shackled for 4 ½ hours in retaliation for having a verbal altercation with defendant Robert Jackson. Defendant was the Assistant Warden of the Brickeys Unit at the time of the incident.

On September 29, 2005, plaintiff attended a sixty-day classification hearing. Prior to going to the hearing, he was placed in cuffs and in leg irons by an officer who was assigned to transport inmates from their barracks to the hearing. Classification hearings are conducted to assess inmates who are assigned to administrative segregation to determine whether the inmate's presence in the general population continues to pose a threat to the order, safety, and security of the institution or the inmate. The prison's standard procedure is to have inmates

placed in restraints while the inmates are being transported between their barracks and their classification hearings.

Defendant was a member of the classification review committee. As a member, he asked general questions of the inmates appearing before the committee regarding their institutional record and history to assist in determining whether the inmate posed a threat to security. Several classification reviews are scheduled on the same day; with one inmate coming in after another.

During plaintiff's hearing, defendant asked plaintiff about a disciplinary action he had received in early 2005, when plaintiff stated, "I'll go on one" (a slang term for an act of violence). Plaintiff asserts that he and defendant had a verbal altercation at the review hearing during which plaintiff spoke to defendant in a vulgar way, telling him to "get his ho ass up." ( Doc. No. 91, ¶ 13). He claims he said a "mouthful" and cussed defendant out at the review. (*Id*.) Plaintiff states that defendant directed that a security officer "lock [his] ass up." (Doc. No. 83, Ex. A., p. 5).

Although defendant asserts that he does not remember the verbal altercation, he states that if an inmate becomes insolent or disrespectful during a classification hearing, the inmate is directed to leave. (Doc. No. 83, Ex. B). Indeed, it is undisputed that plaintiff was escorted from the room by a corrections officer, Lt. Williams, and placed in isolation. He was left shackled and handcuffed in the isolation dayroom for about two hours, at which point Sgt. Tobar, another corrections officer, removed the handcuffs but not the shackles. Plaintiff

remained in shackles for another 2 ½ hours. Lt. Williams advised Sgt. Tobar that plaintiff had been placed in isolation to "cool off." Plaintiff's cuffs, which were not double locked because he was only attending a classification hearing, were fine at the beginning of the day, but continued to tighten as plaintiff moved in the isolation dayroom. Sgt. Tobar loosened the cuffs a few times and then removed them.

Plaintiff was later treated for soreness and bruising to his ankle. His medical report shows that he had a "small abraded:" area on his ankle, and was given Tylenol for pain.

Plaintiff 's allegation of employee misconduct was investigated by the ADC's Internal Affairs Division, which found his claims to be unsubstantiated. Plaintiff later filed this action, *pro se*, and counsel was appointed on March 9. 2007.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R .Civ. P. 56(c). In considering a motion for summary judgment, the court views the facts and inferences flowing therefrom in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court looks "to the substantive law to determine whether an

element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### III.  DISCUSSION

A.    First Amendment Claim

"[P]rison officials may not permissibly retaliate against a prisoner based on the inmate's exercise of constitutional rights." *Cornell v. Woods*, 69 F.3d 1383, 1390 (8th Cir. 1995). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S.817, 822 (1974).

Plaintiff contends that he was handcuffed and shackled for speaking to defendant. By plaintiff's own admission, he engaged in a verbal altercation with defendant, "cussing" at defendant at the classification hearing. (Doc. No. 83, Ex. A, p. 4). In *Goff v. Dailey*, 991 F.2d 1437, 1439 (8th Cir. 1993), the court, in upholding a disciplinary given an inmate for "mocking" correctional officers and "making crude personal statements about them" stated:

> Assuming for the sake of argument that the First Amendment protects speech like that at issue here, although we doubt such proposition, the prison officials still did not violate Goff's rights under the Constitution. "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."

*Id*. (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Plaintiff's First Amendment claim must fail. His abusive speech, directed at defendant, is not protected speech. *See Leonard v. Nix*, 55 F.3d 370, 375 (8th Cir. 1995) ("Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution.") (internal quotation marks and citation omitted). Even assuming it was, plaintiff cannot establish that defendant retaliated against plaintiff. At the most, defendant asked that plaintiff be removed from the classification hearing. That action was reasonably related to "preserve the prison's penological interest in order . ." *Id*. at 376.

Therefore, plaintiff's First Amendment claim is dismissed.

B.   Eighth Amendment Claim

Plaintiff contends that keeping him in handcuffs for over two hours and in shackles for 4½ hours amounted to cruel and unusual punishment in violation of the Eighth Amendment.

To establish an Eighth Amendment violation, plaintiff must show that defendant was deliberately indifferent to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[O]fficers may reasonably use force in a good faith effort to maintain or restore discipline but may not use it maliciously or sadistically to cause harm." *Walker v. Bowesox*, 526 F.3d 1186, 1188 (8th Cir. 2008). *See Key v. McKinney*, 176 F.3d 1083 (8th Cir. 1999) (inmate's 8th Amendment rights not violated by being restrained in handcuffs and leg shackles for 24 hours for throwing water on corrections officer).

Essential to plaintiff's Eighth Amendment claim is that defendant had actual or personal involvement in the alleged violation. *See Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (to establish personal liability under section 1983, plaintiff must allege specific facts of personal involvement in or direct responsibility for deprivation of his constitutional rights). Here there is no evidence that defendant had any role in or knowledge that plaintiff had been kept in restraints while in the isolation room. Plaintiff states that after the verbal altercation, defendant told Lt. Williams to take him to isolation and "lock my ass up." After plaintiff was removed from the classification hearing, defendant had no further communication or contact with plaintiff that day. Defendant continued to hold classification hearings and was unaware that defendant was restrained in the isolation dayroom.

Furthermore, plaintiff cannot establish that the restraining amounted to a constitutional violation. To prove that the action of keeping him in handcuffs and shackles amounted to a constitutional violation, plaintiff must first establish that this condition exceeded the bounds of decency  Being kept in handcuffs and shackles for several hours did not deprive plaintiff "of the minimal civilized measures of life's necessities." Plaintiff cannot establish that prison officials acted "maliciously and sadistically for the very purpose of causing harm." *Key*, 176 F 3d at 106. The use of restraints does not violate the Eighth Amendment "unless they are 'totally without penological justification,' grossly disproportionate,' or involve the unnecessary and wanton infliction of pain.'" *Smith v. Coughlin*, 748 F. 2d 783, 787 (8th Cir. 1984) (quoting *Rhodes v. Chapman*, 452 U.S. 337,

346 (1976)).

As defendant points out, plaintiff's condition was the creation of his own conduct rather than that of any prison officer. He admitted that he was aware his cuffs would tighten with movement, but that he continuously and purposely moved while in the isolation dayroom, which resulted in the cuffs tightening around his wrists and ankles. He could have avoided the injury, had he sat still while in the dayroom. Furthermore, once he complained to Sgt. Tobar, she loosened his cuffs several times and then eventually removed them.

Plaintiff has failed to establish that his Eighth Amendment rights were violated and that claim is dismissed.

## IV.  CONCLUSION

In sum, the court finds that plaintiff has failed to establish that defendant violated his constitutional rights. The motion for summary judgment (Doc. No. 81) is granted, judgment is entered in favor of defendant and the complaint is hereby dismissed with prejudice.

IT IS SO ORDERED this 27th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE